**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 2:17-CR-28-RWS-JCF |
| DEONTAE C. THOMAS, | : | |
| | : | |
| Defendant. | : | |

# **ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Clay Fuller [Doc. No. 39].

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and

"need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Here, Defendant argues that the R&R should have found that Defendant was "arrested" for purposes of Miranda and that Deputy Holcomb's credibility is undermined by inconsistencies in his testimony. Thus, Defendant argues that the Court should suppress all evidence seized from his vehicle without a warrant and any evidence of statements he made to Deputy Holcomb.

To determine whether the search of Defendant's vehicle violated the Fourth Amendment, the Court must consider the legality of: (1) the initial stop; (2) Defendant's detention; (3) Defendant's arrest; and (4) the warrantless search of his vehicle. As to the initial stop, the Court agrees with the R&R that Deputy Holcomb had probable cause to stop Defendant's vehicle based on his observation of the vehicle failing to maintain its lane in violation of O.C.G.A. § 40-6-48 and

2

speeding in violation of O.C.G.A. § 40-6-181.

Once Deputy Holcomb had stopped Defendant's vehicle, he was authorized to detain Defendant in order to investigate the circumstances justifying his decision to make the stop. Deputy Holcomb then diligently pursued methods designed to investigate the observed traffic offenses, Defendant's suspected impairment, and his suspicion that the car contained illegal narcotics. The scope, intrusiveness, and duration of the detention were reasonable in light of the purposes served by the detention and the evolving circumstances of the encounter with Defendant.

The Court also finds that based upon his training and experience, Deputy Holcomb had probable cause to arrest Defendant for driving under the influence of drugs in violation of O.C.G.A. § 40-6-391(a)(2). Defendant's performance during the field sobriety tests contributes to a finding of probable cause when considered in combination with Deputy Holcomb's observations of Defendant's unsafe operation of his car, Defendant's physical characteristics consistent with marijuana use, and Defendant's demeanor and behavior during the traffic stop.

Finally, the Court finds that the warrantless search of Defendant's car was authorized by the automobile exception to the warrant requirement. There was

3

probable cause to believe that the car contained contraband or evidence of a crime, including the intoxicant believed to have impaired Defendant's ability to drive safely or evidence of illegal narcotics.

As a result, Deputy Holcomb did not violate Defendant's constitutional rights, and Defendant's objections [Doc. No. 43] are OVERRULED. The R&R is hereby approved and adopted as the opinion and order of this Court. Defendant's Motion to Suppress [Doc. No. 16] is DENIED.

**SO ORDERED** this 11th day of January, 2019.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)